# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1763

_____

Crystal L. Coop; Alvin Coop,                 *
                                             *
              Appellants,                     *
                                             *   Appeal from the United States
      v.                                      *   District Court for the
                                             *   Western District of Missouri.
Department of Natural Resources,              *
State of Missouri; Doyle Childers,            *   [UNPUBLISHED]
                                             *
              Appellees.                      *

_____

Submitted: January 18, 2008
Filed: July 16, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

Crystal and Alvin Coop appeal the district court's[2] grant of summary judgment in favor of the defendants, the Missouri Department of Natural Resources and its director, Doyle Childers, in his official capacity, and the court's denial of their motion

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to certify a class action. The Coops advanced several causes of action based on injuries they allegedly sustained while attempting to navigate the path to a restroom at Wallace State Park in Clinton County, Missouri. We affirm.

Ms. Coop is disabled and uses a wheelchair to assist with mobility. While driving with her husband, Mr. Coop, in March 2000, Ms. Coop developed an urgent need to use a restroom. The Coops stopped at the Wallace State Park, which was closed for the season, and attempted to use one of the restrooms. The Park normally has three restrooms that are designed to be accessible to the disabled, but one was closed for the season and one was closed for remodeling. The third accessible restroom was located in a disabled-accessible campground available for public use, but the Park does not contain display maps showing the locations of restrooms, and the Coops apparently were unaware of this accessible restroom.

Upon entering the Park, the Coops stopped at the first restroom they saw. Access to this restroom required the Coops to travel down an asphalt path bordered by wood, and then to mount a small step in front of the restroom. Mr. Coop believed that Ms. Coop could navigate the path, but Ms. Coop's wheelchair made contact with the wooden border of the path, and plaintiffs allege that this caused Ms. Coop to fall from the chair and injure her shoulder. After Ms. Coop was assisted back into her chair, she made her way to the restroom. The plaintiffs further allege that Mr. Coop was injured when he assisted Ms. Coop over the step in front of the restroom.

The Coops filed an action against the Department of Natural Resources and Childers, seeking to recover damages for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, for the violation of constitutional rights under 42 U.S.C. § 1983, and for negligence and loss of consortium under Missouri law. The Coops also sought to certify a class action pursuant to Federal Rule of Civil Procedure 23.

The district court denied the motion for class certification, observing that "[d]espite the rather explicit requirements of Rule 23, Plaintiffs offer absolutely nothing that would meet their burden of justifying class certification." The court then granted summary judgment in favor of the defendants on each individual claim. The court held that the conduct of the defendants did not violate the Equal Protection Clause or the substantive component of the Due Process Clause, and that the Eleventh Amendment therefore barred the ADA claims against the Department and Childers. *See United States v. Georgia*, 546 U.S. 151, 158-59 (2006); *Klingler v. Dir., Dep't of Revenue, State of Mo.*, 455 F.3d 888, 892-93 (8th Cir. 2006). The court reasoned that rational basis review applied to the Coops' claim that the maintenance of the restroom discriminated against the disabled, *see City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 446 (1985), and that the decisions and conduct of the defendants with respect to the restroom were neither irrational nor based on intentional or purposeful discrimination. *See Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996). The district court further concluded that the plaintiffs "fell far short" of satisfying the substantive due process standard that guards against the exercise of arbitrary and oppressive government power. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). The court held that the Eleventh Amendment also barred the § 1983 claim against Childers in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

On the state law claims, although Missouri has waived sovereign immunity for claims based on dangerous conditions on its property, *see* Mo. Rev. Stat. § 537.600, the district court concluded that the defendants fell within the provisions of the Missouri Recreational Land Use Statute, and thus did not owe a duty to the Coops. *See* Mo. Rev. Stat. § 537.346 ("[A]n owner of land owes no duty of care to any person who enters on the land without charge to keep his land safe for recreational use or to give any general or specific warning with respect to any natural or artificial condition, structure, or personal property thereon."). Therefore, the court dismissed the

negligence claims as meritless, and also dismissed the claims for loss of consortium, because they were dependent on the negligence claims.

After *de novo* review of the record, we conclude that the district court properly granted summary judgment in favor of the Department and Childers. We also conclude that the court did not abuse its discretion in denying class certification. Accordingly, the judgment is affirmed based on reasons given by the district court. *See* 8th Cir. R. 47B.

_____